**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000246
06-FEB-2025
07:51 AM
Dkt. 56 SO**

NO. CAAP-22-0000246

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LAURENCE E. **BADGLEY**, M.D., Plaintiff-Appellant,
v.
BAY CLINIC, INC., Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CASE NO. 3DRC-19-0000549)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Laurence E. **Badgley**, representing himself,[1] appeals from the March 9, 2022 **Final Judgment** for **Bay Clinic**, Inc. entered by the District Court of the Third Circuit, Puna Division.[2] We vacate the Final Judgment and remand for entry of an amended judgment.

Badgley filed a second amended complaint against Bay Clinic on March 8, 2021. He claimed that Bay Clinic breached his employment contract by not letting him attend a continuing medical education (**CME**) conference. A bench trial was held over

---

[1] Badgley's opening brief doesn't comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). To promote access to justice, we liberally interpret pleadings prepared by self-represented litigants and do not automatically foreclose them from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

[2] The Honorable Jeffrey A. Hawk presided.

two days.  On March 9, 2022, the trial court entered the Final Judgment; it awarded $19,103.31 in attorneys fees and costs to Bay Clinic.  Badgley moved for reconsideration of the attorneys fee award.  An order denying reconsideration was entered on March 23, 2022.  This appeal followed.

We ordinarily review a trial court's findings of fact for clear error, and conclusions of law de novo.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).  Badgley didn't ask the trial court to prepare findings of fact and conclusions of law under District Court Rules of Civil Procedure Rule 52(a).  We glean the trial court's findings and conclusions from the trial transcripts and exhibits.

Badgley's Exhibit 8 is his Provider Employment Agreement with Bay Clinic.  It required that he "maintain forty (40) clinic hours hours [sic] per week, fifty-two (52) weeks per year, except for approved . . . CME . . . in accordance with the schedule of clinic hours established from time to time by BAY CLINIC."  It also required that he "give BAY CLINIC at least sixty (60) days advance written notice . . . to request PTO days to attend continuing medical education programs."  Time off for attending CME programs "shall be subject to BAY CLINIC's prior approval."

On September 23, 2019, Badgley told Bay Clinic by email he would be taking leave from October 25 through November 13 to attend a CME program in Belgium.  The next day, Bay Clinic told Badgley it didn't approve his request because it wasn't made 60 days in advance "so that so many patients don't have to be rescheduled," and the medical director wanted him to "reach our basic expectations for your job duties before approving an extended absence."

Badgley testified he had a job interview with Bay Clinic's then-medical director, Tamara **Todd**, on February 22, 2019.  He told Dr. Todd he had paid to go to a CME program in Amsterdam in October.  "I wanted to know if that was going to be

2

a problem, and she told me it was not." After hearing closing arguments, the trial court stated:

> I do not believe that there was ever any prior agreement with Dr. Tamara Todd about any CME travel. I don't believe Dr. Badgley on that issue. I don't think that happened.
>
> . . . .
>
> There was no 60-day advanced notice. Bay Clinic was not required to authorize the travel.
>
> Furthermore, the Bay Clinic employee handbook specifically provided that at no time will Bay Clinic pay or otherwise reimburse for travel expenses or travel outside the continental U.S., Hawaii or Alaska, including travel by providers for the purpose of attending continuing medical education activities.
>
> . . . .
>
> So, Dr. Badgley, I'm dismissing your complaint. Dismissal will be with prejudice.

"[A]n appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006). The trial court's stated findings were not clearly erroneous, and its conclusion that Bay Clinic did not breach the Provider Employment Agreement was not wrong.

The trial court set a March 14, 2022 hearing date on Bay Clinic's request for attorneys fees and costs. On March 8, 2022, Bay Clinic's attorney filed a declaration asking for fees of $19,091.00 and $12.31 in costs. The record does not contain a transcript of the hearing. The order denying Badgley's motion for reconsideration states that Badgley orally objected to the attorney's declaration during the hearing. The court considered it "an oral motion for reconsideration of the Court's decision to grant Bay Clinic's request to order the payment of attorneys' fees and costs."

We review an award of attorneys fees for abuse of discretion. Gailliard v. Rawsthorne, 150 Hawaiʻi 169, 175, 498 P.3d 700, 706 (2021). Badgley sued Bay Clinic for breach of

contract.  He lost.  Bay Clinic was entitled to recover attorneys fees under Hawaii Revised Statutes (**HRS**) § 607-14 (2016).  The trial court acted within its discretion by awarding fees to Bay Clinic.  But the trial court plainly erred by awarding $19,091.00 in fees.  HRS § 607-14 limits a fee award to 25% of "the amount sued for if the defendant obtains judgment."  Badgley sued for damages of $5,093.92.  Badgley also asked for $5,093.92 in his closing argument.  Bay Clinic should have been awarded 25% of $5,093.92 — $1,273.48 — under HRS § 607-14.

The March 9, 2022 Final Judgment is vacated, and this case is remanded to the district court for entry of an amended judgment awarding Bay Clinic $1,273.48 for attorneys fees and $12.31 in costs from Badgley.

DATED: Honolulu, Hawaiʻi, February 6, 2025.

On the briefs:

Laurence E. Badgley, M.D.,
Self-represented
Plaintiff-Appellant.

Joseph A. Ernst,
Lincoln S.T. Ashida,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge